**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas E. Miller, | No. CV-14-08240-PCT-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of the Interior, et al., | |
| Defendants. | |

Before the court is Defendant Starcrest's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 19). Plaintiff Douglas E. Miller seeks damages and declaratory and injunctive relief against Starcrest, which he alleges has interfered with his federally bestowed right to graze livestock on a parcel of land in Yavapai County, Arizona ("Property"). (Doc. 1 at 5, 9.) In its Motion, Starcrest asserts that in 2008 it filed a quiet title action with respect to the Property in Yavapai County Superior Court. (Doc. 19 at 4; Doc. 19-1 at 2.) That court allegedly ruled in Starcrest's favor in December 2010 and issued an Amended Final Judgment After Appeal in September 2013, declaring that Miller was entitled only to "permissive limited use" of the Property. (Doc. 19 at 4; Doc. 19-1 at 4.) Starcrest now moves to dismiss Miller's claims as barred by res judicata, collateral estoppel, and the *Rooker-Feldman* doctrine.

Under *Rooker-Feldman*, when a "losing party in state court file[s] suit in federal court after the state proceedings end[], complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment," the federal district court

lacks jurisdiction. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). *Rooker-Feldman* applies only in these "limited circumstances"; it is separate from and "does not otherwise override or supplant preclusion doctrine." *Id.* at 291, 284. The doctrine does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . ., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *See id.* at 293 (alterations in original).

Here, Miller does not ask this court to "review and reject" the Superior Court's judgment or to remedy an "injury" caused by that judgment. Instead, he requests a declaration that he owns the Property and an injunction prohibiting Starcrest from interfering with his enjoyment of the Property and associated grazing rights, as well as damages for past interference. Miller's claims may be barred by res judicata and collateral estoppel; further briefing is required before the court can decide that issue. But it is clear from the face of the Complaint that Miller has not filed an appeal—"de facto" (Doc. 19 at 6) or otherwise—of the Superior Court judgment. Accordingly, *Rooker-Feldman* is inapplicable to this case, and the portion of Starcrest's Motion that seeks dismissal under that doctrine must be denied. Because the remainder of Starcrest's Motion requests dismissal on non-jurisdictional grounds, Miller will have seventeen days, rather than thirty-three, in which to file a response.

IT IS THEREFORE ORDERED that Defendant Starcrest's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 19) is denied to the extent it seeks dismissal under *Rooker-Feldman*.

/ / /

/ / /

IT IS FURTHER ORDERED that Miller file a response to the remaining portions of Starcrest's Motion no later than June 8, 2015.  Starcrest may file a reply no more than ten days after the submission of Miller's response.

Dated this 21st day of May, 2015.

Neil V. Wake
United States District Judge