**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas E. Miller,<br><br>                              Plaintiff,<br><br>v.<br><br>United States Department of the Interior, et al.,<br><br>                              Defendants. | No. CV-14-08240-PCT-NVW<br><br>**ORDER** |

Before the Court is the Federal Defendants' Motion to Dismiss (Doc. 18) for lack of subject matter jurisdiction. The Government grounds its motion on sovereign immunity and lack of subject matter jurisdiction, not on failure to state a claim upon which relief can be granted. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the Complaint attempts to plead mandamus relief against federal officials for official action. *See Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981). A proper mandamus is authorized by 28 U.S.C. § 1361 and is not barred by sovereign immunity. *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1234 (10th Cir. 2005); *accord Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031-32 (9th Cir. 2013).

The Complaint also attempts to plead a claim for judicial review of unlawful agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701, 704, which is authorized by statute. Claims under that statute may be brought against the federal

1 agency in its name, not just against the federal officer.  5 U.S.C. § 703.  Plaintiff has not
2 pleaded enough injury for standing in the sense that he has not pleaded any injury from
3 actionable conduct by, or any relief against, the Federal Defendants.  The Complaint may
4 not state a claim, but the Court decides this motion on the ground the Government puts.
5 The claims may be defective, but jurisdiction is not lacking to say whether they are.  The
6 Federal Defendants' Motion to Dismiss must be denied.

7 This is an example of the Government's circuitous confusion of briefing failure to
8 state a claim upon which relief can be granted as sovereign immunity and lack of subject
9 matter jurisdiction because the complaint does not state a claim.  "Where the defendant's
10 challenge to the court's jurisdiction is also a challenge to the existence of a federal cause
11 of action, the proper course of action for the district court . . . is to find that jurisdiction
12 exists and deal with the objection as a direct attack on the merits of the plaintiff's case."
13 *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981); *see also Sun Valley Gasoline,*
14 *Inc. v. Ernst Enterprises, Inc.*, 711 F.2d 138, 140 (9th Cir. 1983).

15 Also before the Court is Defendant Starcrest's Motion to Dismiss (Doc. 19) for
16 lack of subject matter jurisdiction and failure to state a claim upon which relief can be
17 granted.  Prior adjudication is not a bar to subject matter jurisdiction, so the motion to
18 dismiss for lack of subject matter jurisdiction will be denied.  *See Exxon Mobil Corp. v.*
19 *Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) ("Disposition of the federal action,
20 once the state-court adjudication is complete, would be governed by preclusion law. . . .
21 Preclusion, of course, is not a jurisdictional matter.")  The prior adjudication of Plaintiff's
22 rights as against Defendant Starcrest is established by Superior Court and Court of
23 Appeals records of which the Court may take judicial notice and the authenticity of which
24 Plaintiff does not contest.  Fed. R. Evid. 201.  The Complaint is pled in disregard of that
25 prior adjudication, and the prior adjudication is conclusive against the Complaint as pled.
26 It must be dismissed for failure to state a claim upon which relief can be granted.

27
28

Leave will be granted to amend the Complaint if Plaintiff wishes to plead a claim against Starcrest for violation of his rights as previously determined by the Superior Court.

Also before the Court is Plaintiff's Emergency Motion to Prevent Death of Livestock (Doc. 29). The Motion exceeds the allegations in the Complaint and must be denied for that reason. Because Plaintiff will otherwise be granted leave to amend his complaint, if he sufficiently pleads violation of his rights as previously determined by the Superior Court judgment on remand, he may seek future relief if warranted by the allegations of an amended complaint.

Plaintiff's complaint will be dismissed for the independent reason that it does not comply with the Federal Rules of Civil Procedure concerning pleading.

A complaint must include "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). It must also include "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(3). Finally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

"Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In order to assist litigants to understand this requirement, the Federal Rules of Civil Procedure provide samples in an Appendix of Forms, which "illustrate the simplicity and brevity that the[] rules contemplate." Fed. R. Civ. P. 84; *see also McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Each claim in a complaint must make clear exactly

1  which defendants engaged in a particular instance of allegedly unlawful conduct.  Each
2  claim must also be stated in a separate count.  *Bautista v. Los Angeles Cnty.*, 216 F.3d
3  837, 840-41 (9th Cir. 2000).  Declaratory judgment and injunction are remedies, not
4  causes of action.  Each violation of a legal right must be pleaded in a separate count.

5      IT IS THEREFORE ORDERED that the Federal Defendants' Motion to Dismiss
6  (Doc. 18) for lack of subject matter jurisdiction is denied.

7      IT IS FURTHER ORDERED that Defendant Starcrest's Motion to Dismiss (Doc.
8  19) is denied as to subject matter jurisdiction and granted as to failure to state a claim
9  upon which relief can be granted.

10      IT IS FURTHER ORDERED that Plaintiff's complaint is dismissed for failure to
11  comply with the pleading rules.  Fed. R. Civ. P. 8(a) and 8(d).

12      IT IS FURTHER ORDERED that Plaintiff may file an amended complaint by
13  September 26, 2015.  If he fails to file an amended complaint by then, this action will be
14  dismissed with prejudice without further notice.

15      IT IS FURTHER ORDERED that Plaintiff's Emergency Motion to Prevent Death
16  of Livestock (Doc. 29) is denied without prejudice to filing a later motion if warranted by
17  the allegations of an amended complaint.

18      Dated this 11th day of September, 2015.

                                          Neil V. Wake
                                          United States District Judge