**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas E. Miller,<br><br>                              Plaintiff,<br><br>v.<br><br>United States Department of the Interior; et al.,<br><br>                              Defendants. | No. CV-14-08240-PCT-NVW<br><br>**ORDER** |

The Court previously dismissed Plaintiff's Complaint for failure to comply with federal pleading requirements. The Complaint was not understandable. Instructions were given how to comply. (Doc. 40 at 3-4.) Upon review of Plaintiff's Amended Complaint (Doc. 41), the Court entered an order to show cause why the Amended Complaint should not be dismissed too. (Doc. 46 at 2.) The Federal Defendants, all agencies or officers sued in their official capacity, also filed a Motion to Dismiss. (Doc. 48.) (The Federal Defendants will collectively be referred to as "the Government" because a suit against a federal officer in his official capacity is a suit against the Government. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).)

**1.     Claims Against the Government**

The Amended Complaint still does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is

considerably longer than the original Complaint and contains many new allegations the relevance of which is not clear. Although the Amended Complaint has the benefit of mostly chronological order, it still fails to explain which of the Government's actions were illegal and why. It alleges that the Government issued certain Grazing Permits as Plaintiff wished, and it never alleges that the Government revoked or limited these Permits or that the Permits are different now compared to when they were first issued to Plaintiff. There is no allegation that Plaintiff formally requested any change in the Permits or that any such request was denied by final agency action. Indeed, there is no allegation of any final agency action. Rather, the Amended Complaint alleges that the Government failed to protect Plaintiff's Permits in state court litigation. Perhaps Plaintiff's theory is that the Government had a duty to take over his private lawsuit and win it for him. Even so, he does not allege that he ever asked the Government to protect him or that the Government knew of the state court litigation.

None of this does or can state a claim against the Government. There is nothing illegal about granting Plaintiff the Grazing Permits as requested and renewing them as requested. The Secretary of the Interior has no duty to take over private litigation relating to Permits after she has granted them. She has no duty to take sides in property litigation between private parties that may affect the value of the Permits.

Plaintiff seeks two alternative forms of relief against the Government. The first involves damages:

> C.  . . . that the Federal Defendants, specifically the BLM [Bureau of Labor Management], reassume BLM Lease #06222, Arizona State Lands Lease #05-1618 and their associated grazing preference and pay Miller damages for his loss of business assets in the amount of not less than $850,000 plus interest or an amount to be determined at trial.

(Doc. 41 at 35-36.) The second involves declaratory judgment and transfer of property:

> Alternatively:
>
> . . .

> G.  A declaratory judgment reaffirming and declaring that Miller owns, and has owned no later than 2001, all of the Grazing Permit and Grazing Preference associated with Allotment No. 06222.
>
> . . .
>
> K.  Order the Federal Defendants to effect and complete actual <u>deeded</u> transfer to Miller of all the Range Improvements, Co-operative Agreements and Water Rights pertaining to the 209 head federal grazing preference.

(*Id.* at 36-37.)

To the extent Plaintiff requests money damages against the Government, the request is barred by sovereign immunity. "To sustain a claim that the Government is liable for awards of money damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Plaintiff does not allege any statutory authorization for a damages action against the Government. Were Plaintiff alleging a breach of contract claim, which he is not, the Tucker Act could not authorize this action for damages because the exclusive forum would be the Claims Court, not this District Court. *See United States v. Hohri*, 482 U.S. 64, 66 n.1 (1987). Nor could the Federal Tort Claims Act authorize this action for damages, because it only covers circumstances where private actors could be liable under state law. *See United States v. Olson*, 546 U.S. 43, 45-46 (2005). To the extent Plaintiff requests an order that the Government buy back the Permits, no wrong is alleged at all, much less one for which the law gives that remedy. Because there is no statutory authorization of that relief, such relief would also violate sovereign immunity. No declaratory judgment can be given when there is no right or case or controversy alleged against the Government.

Therefore the Government's Motion to Dismiss will be granted, in part for failure to state a claim upon which relief can be granted and in part for sovereign immunity. The Federal Defendants will be dismissed.

### 2. Claims Against Starcrest

The Court originally dismissed Plaintiff's claims against Defendant Starcrest because Plaintiff's rights against Starcrest had already been adjudicated in state court and the adjudication was conclusive against Plaintiff's Complaint as pled. (Doc. 40 at 2.) Nevertheless, the Court's dismissal order and subsequent order to show cause allowed Plaintiff to file an amended complaint asserting any rights he may have against Starcrest consistent with the state court judgment. (Doc. 40 at 3; Doc. 46 at 2.) Plaintiff has not done so. Instead he continues to allege claims directly contrary to the state court judgment or that could have been raised as defenses to the judgment.

The Amended Complaint does not explain why the prior state court judgment does not bar this action. It merely alleges that the judgment is contrary to federal law. Even if that were true, it was Plaintiff's obligation (1) to present those federal law defenses in state court and (2) to appeal the adverse decision if it violated federal law. It does not appear that he ever presented his federal defenses in the state trial court. He did appeal, but apparently did not present those federal issues. Even if those federal defenses were presented in the trial court and the appellate court, they were necessarily rejected, as the Court of Appeals' Memorandum Decision is silent on them. *Starcrest, Inc. v. Miller*, No. 1 CA-CV 11-0395, 2012 WL 2469967 (Ariz. Ct. App. June 21, 2012).

The principle of *res judicata* bars a later court from overturning an earlier final decision. In his prayer for relief, Plaintiff seeks a judgment from this Court contrary to the state court adjudication of his dispute with Starcrest. (*See, e.g.*, Doc. 41 at 35, 36 (seeking damages "for all costs, expenses, and stress suffered as a result of the Superior Court action").) The rest of the relief sought against Starcrest is ancillary to this requested judgment contrary to the state adjudication. Thus, the relief is barred by *res judicata*.

Even if Plaintiff could indirectly attack the state court judgment, he has not pleaded any error in the judgment. No violation of the Montana bankruptcy plan is alleged, as it is not alleged that Starcrest was a creditor or that Plaintiff listed Starcrest as

1 a creditor. Plaintiff's muddled allegations do not establish any understandable right concerning the Permits that Starcrest has violated. Nor does Plaintiff explain how Starcrest's later sales of parcels to third parties violate his legal rights.

Therefore, pursuant to this Court's order to show cause (Doc. 46 at 2), this action will be dismissed as against Starcrest also.

### 3.     Leave to Amend

If the only thing wrong with the Amended Complaint were failure to comply with the pleading requirements of Rule 8(a)(2), leave to amend further would be granted without hesitation. But there are additional deficiencies here. It appears that no claim against the Federal Defendants can be alleged. Similarly, the essence of Plaintiff's grievances against Starcrest is that he has rights against Starcrest that were wrongly denied by the state court's quiet title judgment. Thus, further amendment may be futile.

Nevertheless, because and only because Plaintiff lacks counsel, one further opportunity will be granted to amend the complaint so as to state a claim upon which relief can be granted. No further amendment and no extension of time will be granted.

IT IS THEREFORE ORDERED that the Federal Defendants' Motion to Dismiss (Doc. 48) is granted.

IT IS FURTHER ORDERED, pursuant to the Court's order to show cause (Doc. 46 at 2), that Plaintiff's Amended Complaint (Doc. 41) is dismissed.

IT IS FURTHER ORDERED that Plaintiff has leave until April 29, 2016, to file one further amended complaint. No further leave will be granted. If Plaintiff fails to file a further amended complaint by then or if the further amended complaint fails to state a claim upon which relief can be granted, this action will be dismissed with prejudice.

Dated this 6th day of April, 2016.

*Neil V. Wake*
Neil V. Wake
United States District Judge