IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas E. Miller,<br><br>                     Plaintiff,<br><br>v.<br><br>United States Department of Interior; et al.,<br><br>                     Defendants. | No. CV-14-08240-PCT-NVW<br><br>**ORDER** |

Before the Court are the Federal Defendants' Motion to Dismiss Second Amended Complaint (Doc. 60), Defendant Starcrest's Motion to Dismiss Second Amended Complaint (Doc. 61), the Responses, and the Replies. The Court has twice before dismissed Plaintiff's complaints as barred by res judicata as against Defendant Starcrest, for failure to state a claim against the Federal Defendants, and for failure to comply with the pleading requirements of the Federal Rules of Civil Procedure. (Doc. 40, 55.) Out of the greatest abundance of caution, the Court allowed one further amendment of the complaint. (Doc. 55, 57.) The discussions in the prior orders of dismissal need not be repeated here.

I.

Plaintiff's Second Amended Complaint now seeks money damages against the Federal Defendants under the Federal Tort Claims Act. The FTCA only allows damages against the United States. The Court need not say whether this action against federal

officers in their official capacity and against a department and an agency is defective for that reason because even a further amendment to formally name the United States as defendant would not cure the fatal defects in the FTCA claim. That claim is barred by failure to exhaust administrative remedies. The parties dispute whether the claim arose in 2008 or 2013, but it is does not matter. Plaintiff was required to submit a claim in writing to the appropriate Federal agency within two years after such claim accrued, failing which the claim "shall be forever barred . . . ." 28 U.S.C. § 2401(b). Though Plaintiff conclusorily alleges concerning his declaratory judgment and mandamus claims that he "has exhausted all administrative remedies available to him," he does not allege that he exhausted administrative remedies concerning his new FTCA claims. (Doc. 59 ¶ 9.) In his Response he never asserts he has even to this day filed such an administrative claim, and he does not dispute the Federal Defendant's affidavit showing that no such claim has been filed. (Doc. 60-2.)

Plaintiff's purported FTCA claim also fails to state a claim upon which relief can be granted because it does not allege any state law tort for which "a private individual under like circumstances" would be liable. 28 U.S.C. § 2674. He does not allege any clear claims at all, and his recitation of Arizona statutes deals with administrative or statutory duties of state officers, nothing for which officers are personally liable for money damages, much less private persons. Nor does his assertion of administrative duties under federal law state any claim under state law, a necessary predicate for FTCA liability. There is no FTCA liability for misrepresentation, and in any event Plaintiff has not adequately pleaded the specifics of any misrepresentation. Judicial review under the Administrative Procedure Act, even when it is available, does not authorize money damage claims against the United States, under the FTCA or otherwise.

The Court has considered Plaintiff's Second Amended Complaint in its entirety, and nothing in it is both understandable and sufficient to state a claim. It will be dismissed with prejudice as against the Federal Defendants for the reasons stated in this order or in previous orders.

II.

This Court previously ruled that the previous state court adjudication, as modified by the Court of Appeals, is res judicata and Plaintiff may not plead claims in disregard of that judgment. (Doc. 40 at 2-3.) Plaintiff's First Amended Complaint too was barred by that adjudication and exceeded the authorization to amend. (Doc. 55 at 4.) Defendant Starcrest now moves to dismiss the Second Amended Complaint because it too pleads only matters that could have been raised in defense of the original state court action.

The Second Amended Complaint, like its predecessors, is a jumble of unintelligible and unconnected statements. But the common feature is that they all could and should have been raised in the first litigation because, if valid, they would give Plaintiff rights different from what the state courts decreed. The rights of Plaintiff and Starcrest as between themselves have been settled, and any new lawsuits must stand on that adjudication. The claims pleaded against Starcrest are barred by res judicata and must be dismissed.

Defendant Starcrest requests an award of attorney fees against Plaintiff on the ground that this litigation is repetitive and vexatious. Such a request may be made by separate motion under Rule 54(d)(2) and Local Rule LRCiv 54.2.

IT IS THEREFORE ORDERED that the Federal Defendants' Motion to Dismiss Second Amended Complaint (Doc. 60) and Defendant Starcrest's Motion to Dismiss Second Amended Complaint (Doc. 61) are granted.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of the Defendants and against Plaintiff dismissing this action with prejudice.

The Clerk shall terminate this case.

Dated: September 16, 2016.

_____
Neil V. Wake
Senior United States District Judge